## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MICHAEL BARTLEY**

      **Plaintiff,**

**v.**                                  **CASE NO.:**

**MODICAN MEDICAL & SAFETY**
**TRAINING, INC.**
**A Florida Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MICHAEL BARTLEY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant MODICAN MEDICAL & SAFETY TRAINING, INC. (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1.    This is a claim by Plaintiff against his former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from racial discrimination, Plaintiff seeks to recover front pay, back pay, an equal

amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## **PARTIES**

2.     Plaintiff was hired by Defendants in or around October 2020.

3.     At the time of his termination in June 2021, Plaintiff worked for Defendant as a Paramedic.

4.     Defendant owns, controls, and operates a medical staffing agency in the state of Florida including the location where Plaintiff was employed.

## **JURISDICTION & VENUE**

5.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     The acts and omissions giving rise to this action occurred in Jacksonville, Florida.

8.     Defendant conducts business in Jacksonville, Florida.

9.     Plaintiff was employed with Defendant in Jacksonville, Florida.

10.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11.     This is an action at law raises a federal question under federal law.

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13.     Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## **STATUTORY PREREQUISITES**

14.     Plaintiff is an African-American individual who suffered  race discrimination while employed with Defendant.

15.     Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16.     Plaintiff was qualified for his position of employment as a Paramedic.

17.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2022.

3

20.     The EEOC issued a Notice of Right to Sue on August 23, 2022.

21.     Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

22.     Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23.     Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

24.     Plaintiff was an employee of Modican Medical & Safety Training, Inc. ("Defendant").

25.     Defendant contracted Plaintiff to perform work for CDR Maguire, Inc ("CDR"). in October 2020.

26.     Plaintiff was paid an hourly rate of $40.00.

27.     During Plaintiff's contract term with CDR, he was subjected to a culture of discrimination based on his race.

28.     Despite having no significant performance issues, Plaintiff's contract with CDR was terminated June 16, 2021.

29.     Plaintiff was a member of a three person "team" that was scheduled to be at a specified location between the hours of 2 p.m. and 6 p.m.

30.    Despite arriving at the location around 2:30 p.m., Plaintiff's supervisor, Mr. Jimmy Fulford, singled out the two African-American members of the three person group, including Plaintiff.

31.    Mr. Fulford said "it's always something with you guys."

32.    Following this statement, Mr. Fulford proceeded to fire the two African-American members of the group,

33.    The Caucasian employee who was also late was not terminated.

34.    The Caucasian employee even asked if she was also terminated.

35.    The Caucasian employee was told "no."

36.    Despite being aware of the discriminatory environment Plaintiff encountered at CDR and subsequent termination, Defendant did not investigate the incident.

37.    Defendant has also not placed Plaintiff for work elsewhere.

38.    Plaintiff had never received any type of write up or discipline for her performance prior to being terminated.

39.    Defendant's reason for termination was false and a pretext for discrimination and retaliation.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION TITLE VII

40.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as though fully stated herein.

41.    Plaintiff is a member of a protected class because he is African-American.

42.    At all material times, Plaintiff was qualified to perform his job duties.

43.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his race.

44.    Defendant did not subject the non-African-American employees to discriminatory treatment.

45.    Plaintiff suffered an adverse employment action when he was terminated.

46.    The discrimination to which Plaintiff was subjected was based on his race.

47.    Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

48.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

51.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.     judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.     require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c.     require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.     compensatory damages;

e.     judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.     judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF FCRA

61.     Plaintiffs realleges and adopts all allegations contained within paragraphs 1-39, as though fully stated herein.

62.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

63.     Defendant discriminated against Plaintiff based on his race.

64.     Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

65.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

66.     At all material times, Plaintiff was qualified to perform his job duties.

67.     Defendant discriminated against Plaintiff because of his race.

68.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

69.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate

8

result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __21st__ day of _November___, 2022.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586

Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff